ADRIENNE C. PUBLICOVER (SBN 161432)
MICHAEL K. BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:  (415) 433-0990
Facsimile:  (415) 434-1370

Attorneys for Plaintiff/Counterdefendants
**PRINCIPAL LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ELIZABETH POLLEY,<br><br>　　　　　Defendants.<br>_____<br>ELIZABETH POLLEY,<br><br>　　　　　Counterclaimant,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, NANCY LOUISE KIRBY and DOES 1 through 10,<br><br>　　　　　Counterdefendants.<br>_____ | Case No.: CV07-06514 GPS (JWJx)<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING PRODUCTION OF INFORMATION AND DOCUMENTS BY PARTIES AND NON-PARTIES**<br><br>Honorable Jeffrey W. Johnson<br>Action Filed:  October 9, 2007<br>Trial Date:  January 13, 2009 |

It is hereby stipulated and agreed to by and among Plaintiff/Counterdefendant PRINCIPAL LIFE INSURANCE COMPANY, and Defendant/Counterclaimant, ELIZABETH POLLEY, and Counterdefendant, NANCY KIRBY, (hereinafter individually referred to as "PARTY" or collectively as "PARTIES"), through their attorneys of record, on behalf of themselves and any NON-PARTY, to the protections provided under this order.

1. The term "this litigation" as used in this Order shall refer to the above-captioned matter entitled *Principal Life Insurance Company v. Elizabeth Polley, et al.*, United States District Court, Central District, Case No. CV07-06514 GPS (JWJx).

2. This Order shall apply to all documents produced by PARTIES and NON-PARTIES.

3. As used herein, the phrase "CONFIDENTIAL MATERIAL" is defined as follows:

    (a) Any document produced in response to a discovery request or subpoena which is marked as such by stamping the cover or first page of each such document with the word "CONFIDENTIAL" will be designated as confidential under this Order only where the producing party in good faith believes that the information is or contains proprietary information, confidential financial or business information, or other confidential manuals, procedures and guidelines, including those related, pertaining or referring to claims, claims handling, policy issuance, underwriting, rescission, independent contractor applications, and appointments and all other information or documents detailing any of PRINCIPAL LIFE'S practices, and procedures for a disability insurance application, policy or claim.

    (b) Documents designated as CONFIDENTIAL in 3(a) above are expressly subject to this Court's ruling upon its confidentiality in the

event any party seeks to challenge such a designation. This Court has the exclusive right to review and rule upon the confidentiality of the documents, testimony, or material designated as CONFIDENTIAL pursuant to this Order. The PARTIES reserve the right to seek review of the substance of any documents marked as CONFIDENTIAL through this court. Nothing in this paragraph is intended to or shall abrogate any right of appeal or right to the writ procedure to seek appellate review.

4. No person shall show, copy or convey any information subject to this Protective Order to anyone, except as hereinafter set forth in this Order, and all such persons are further ordered and enjoined from disclosing CONFIDENTIAL MATERIAL to any other persons. All CONFIDENTIAL MATERIAL produced in this litigation shall be used solely for purposes of preparing for and conducting this litigation and shall not be used, directly or indirectly, for any other purpose whatsoever.

5. CONFIDENTIAL MATERIAL shall only be disclosed to the following "QUALIFIED PERSONS" who may be provided with copies of this material upon being informed of this order:

   (a) The attorneys of record working on this litigation and their paralegals, secretaries, and other employees;

   (b) Expert witnesses or consultants who are assisting counsel in the preparation for and trial of this litigation;

   (c) Any party to this litigation;

   (d) Any witness who may be shown copies of CONFIDENTIAL MATERIALS as part of a deposition but who shall not be provided with copies separate from the exhibits to that deposition.

   (e) Any court reporter who is entrusted with exhibits to a deposition as part of his or her task in reporting the deposition; and

    (f) Insurance company personnel, representatives, adjustors or other like persons assigned to work any claim for coverage of, or the providing of a defense to, any party Defendant or Counterdefendant to this action.

6. No copies, summaries, or abstracts of said information shall be made by the PARTIES for distribution to or for use by persons other than QUALIFIED PERSONS as set forth herein.

7. Nothing in this Protective Order, including Paragraph 6, shall require any PARTY to secure a signed Non-Disclosure Agreement from the Court, any officer or employee of the Court, any juror, any witness testifying in open court, any court reporter, or any witness in a deposition.

8. Nothing in this Protective Order shall preclude the PARTIES from agreeing by stipulation to permit the use of the protected information in other cases pending before this or other Courts.

9. In preparation of this litigation, counsel for any PARTY may retain copy services and exhibit enlargement services to copy and/or enlarge CONFIDENTIAL MATERIAL and may provide them with such material for copying or enlargement, without requiring execution of a confidentiality agreement on condition that (1) such companies not retain copies after duplication and (2) they be informed that the documents being copied are confidential under Court Order.

10. All documents containing information subject to this Protective Order, and notes or other records regarding the contents thereof, shall be maintained in the custody of counsel receiving such information, or other Qualified Person, and no partial or complete copies thereof shall be retained by anyone else at any location other than the offices of counsel or other Qualified Person, unless otherwise authorized by an Order of this Court.

Stipulated Protective Order Governing Production of Information and Documents
Case No.: CV07-06514 GPS (JWJx)
370286.1

4

11. If counsel for any PARTY objects to designation of a document as CONFIDENTIAL, such counsel shall advise counsel for the producing PARTY or NON-PARTY of such objection and counsel for the objecting PARTY and producing PARTY or NON-PARTY shall promptly meet and confer and attempt to resolve the objection. If no formal resolution can be reached regarding the objection, counsel for the PARTY seeking use of the material as non-confidential may file a motion with the Court compelling it to be designated as non-confidential. Pending such a ruling any such material shall be treated as CONFIDENTIAL MATERIAL. Nothing in this stipulation alters the burden of proof being on the party seeking the protective order to establish an entitlement to confidentiality.

12. The PARTIES agree that any claims manuals, claims procedures, claims guidelines, underwriting manuals, underwriting procedures, underwriting guidelines, rescission manuals, rescission procedures and rescission guidelines that are marked CONFIDENTIAL shall be deemed confidential under this Order, and the PARTIES agree not to raise any objection pursuant to paragraph 11 or otherwise to the confidential nature of such material.

13. In the event that any PARTY wishes to submit to the Court for use in any proceeding, including, but not limited to a dispositive motion or trial, any CONFIDENTIAL MATERIAL or any summary of the contents thereof in a pleading, that party shall submit it to the Court under seal and the Court shall thereafter treat it as to filing and access according to its discretion. The designation on the face of such document shall be substantially the following:

   **"CONFIDENTIAL MATERIAL: IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THIS COURT, THE CONTENTS OF THIS SUBMISSION SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON OTHER THAN**

**ATTORNEYS IN THIS CASE OR THE COURT AND ITS PERSONNEL."**

14. The trial exhibit list shall have a designation for all proposed exhibits which constitute CONFIDENTIAL MATERIAL, in order to alert the Court and all PARTIES as to the fact that such documents are subject to this order, and the PARTIES will cooperate with the Court in the design of a protocol to properly maintain the confidentiality of such exhibits as are submitted to the Court. All PARTIES will cooperate with the Court and its personnel in submitting CONFIDENTIAL MATERIAL as trial exhibits in a fashion that protects the confidentiality of that material.

15. This Order shall not preclude counsel for any PARTY from using in the course of depositions any such document or information which has been designated as CONFIDENTIAL MATERIAL under the terms hereof. However, prior to such use:

    (a) Counsel using such CONFIDENTIAL MATERIAL shall make reference to the confidentiality of the document or information;

    (b) All persons not authorized pursuant to this Order to receive such CONFIDENTIAL MATERIAL (except only the witness, the witness' counsel, and the court reporter) shall be excluded from that portion of the deposition during which the confidential document or information is used; and

    (c) In the event that the original deposition transcript and its exhibits are filed with the Court, the deposition and exhibits shall be placed under seal in an envelope bearing the following designation:

    **"CONFIDENTIAL MATERIAL: IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THIS COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY**

**PERSON OTHER THAN ATTORNEYS IN THIS CASE OR THE COURT AND ITS PERSONNEL."**

16. All copies of such deposition transcripts and exhibits thereto to the extent that they contain or pertain to confidential documents, information, summaries or exhibits shall be treated as CONFIDENTIAL MATERIAL pursuant to the terms of this Order.

17. Within ninety (90) days of the conclusion of the trial and all appeals or right to further appeal, or upon other termination of this litigation, all CONFIDENTIAL MATERIAL, including all copies of such documents or information shall be returned to counsel for Plaintiff PRINCIPAL LIFE. Alternatively, within ninety (90) days of the conclusion of the trial and all appeals or right to further appeal, or upon other termination of this litigation, counsel for Defendant POLLEY and Counterdefendant KIRBY can destroy said CONFIDENTIAL MATERIAL themselves so long as they do so in a secure manner (e.g. shredder) ***and*** provide a declaration setting forth the date, time, location and manner in which the CONFIDENTIAL MATERIAL was destroyed.

18. The provisions of this Order, insofar as they restrict the communication and use of CONFIDENTIAL MATERIAL produced hereunder or information obtained from CONFIDENTIAL MATERIAL, shall continue to be binding after the conclusion of this litigation unless other permission is obtained pursuant to a further Order of this Court.

19. The terms and provisions of this Order are subject to modification, extension, or termination as hereafter may be ordered. This Court retains jurisdiction to rule upon motions for modification, extension or termination of this Order at any time.